IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 20-7579

———————————

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

ANTONIO STOWE MCDANIEL,

*Defendant – Appellant.*

———————————

Appeal from the United States District Court
for the Western District of North Carolina

*The Honorable Graham C. Mullen, Senior District Judge*

———————————

BRIEF OF THE UNITED STATES

———————————

Dena J. King                    Elizabeth M. Greenough
United States Attorney          Assistant United States Attorney
                                United States Attorney's Office
                                227 West Trade Street
                                Carillon Building, Suite 1650
                                Charlotte, North Carolina 28202
                                (704) 344-6222

*Attorneys for the United States of America*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................iii

JURISDICTIONAL STATEMENT ..........................................................1

ISSUE PRESENTED ................................................................................1

STATEMENT OF THE CASE ..................................................................2

    A.    McDaniel shoots at a United States Marshal while fleeing
           a crime. ......................................................................................2

    B.    McDaniel pleads guilty to using a firearm during and in
           relation to a crime of violence and stipulates that there is
           a factual basis for his plea ........................................................3

    C.    McDaniel testifies at a trial on new charges that he was
           convicted of shooting at a United States Marshal..................5

    D.    McDaniel moves to vacate his 1993 firearm conviction,
           asserting that it was not predicated on a crime of violence...6

    E.    The district court finds that McDaniel did not carry his
           burden to establish that an error of the most fundamental
           character occurred...................................................................8

SUMMARY OF THE ARGUMENT .........................................................10

ARGUMENT

    The district court acted well within its discretion when it denied
    McDaniel's coram nobis petition.....................................................11

    A.    Standard of Review ..................................................................11

i

B.    Discussion..............................................................11

The district court reasonably determined that
McDaniel failed to meet his burden of proof to obtain
coram nobis relief.........................................................13

a.    Assaulting a federal officer with a dangerous
weapon is a crime of violence..............................14

b.    The district court did not clearly err in finding
that McDaniel had not shown that his firearm
conviction relied solely on an invalid predicate . 22

c.    The district court reasonably exercised its
discretion in deciding that any error did not
require vacating McDaniel's conviction to achieve
justice ................................................................27

CONCLUSION  ......................................................................30

REQUEST FOR DECISION ON THE BRIEFS WITHOUT
ORAL ARGUMENT ............................................31

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

## Cases

Bailey v. United States,
516 U.S. 137 (1995) ............................................................... 17

Bereano v. United States,
706 F.3d 568 (4th Cir. 2013) ................................................... 11, 12, 29

Borden v. United States,
141 S. Ct. 1817 (2021) ............................................................ 17, 21

Brecht v. Abrahamson,
507 U.S. 619 (1993) ................................................................ 27

Carlisle v. United States,
517 U.S. 416 (1996) ................................................................ 30

Hirabayashi v. United States,
828 F.2d 591 (9th Cir. 1987) .................................................. 12

Long v. United States,
199 F.2d 717 (4th Cir. 1952) ................................................... 15

Moncrieffe v. Holder,
569 U.S. 184 (2013) ................................................................ 20

Pereida v. Wilkinson,
141 S. Ct. 754 (2021) .............................................................. 22, 23

Sharpe v. Bell,
593 F.3d 372 (4th Cir. 2010) ................................................... 27

iii

*Stone v. United States,*
   37 F.4th 825 (2d Cir. 2022) ................................................ 28

*United States v. Akinsade,*
   686 F.3d 248 (4th Cir. 2012) ................................. 9, 12, 13, 27

*United States v. Ali,*
   647 F. App'x 268 (4th Cir. 2016) ....................................... 16

*United States v. Ali,*
   991 F.3d 561 (4th Cir. 2021) .................................... 22, 23, 25

*United States v. Arrington,*
   309 F.3d 40 (D.C. Cir. 2002) ........................................ 16, 17

*United States v. Bates,*
   960 F.3d 1278 (11th Cir. 2020) .......................................... 19

*United States v. Battle,*
   927 F.3d 160 (4th Cir. 2019) ............................................. 21

*United States v. Briley,*
   770 F.3d 267 (4th Cir. 2014) ............................................. 15

*United States v. Bullock,*
   970 F.3d 210 (3d Cir. 2020) .............................................. 18

*United States v. Burns-Johnson,*
   864 F.3d 313 (4th Cir. 2017) .................................... 17, 18, 20

*United States v. Cooper,*
   289 F. App'x 627 (4th Cir. 2009) ................................... 16, 20

*United States v. Crawley,*
   2 F.4th 257 (4th Cir. 2021) .............................................. 25

*United States v. Davis*,
   855 F.3d 587 (4th Cir. 2017) ............................................................ 29

*United States v. Davis*,
   139 S. Ct. 2319 (2019) .................................................................... 14

*United States v. Feola*,
   420 U.S. 671 (1975) ........................................................................ 16

*United States v. George*,
   676 F.3d 249 (1st Cir. 2012) ........................................................... 13

*United States v. Gray*,
   980 F.3d 264 (2d Cir. 2020) ............................................................ 18

*United States v. Haley*,
   993 F.2d 1540, 1993 WL 168935 (4th Cir. 1993) ............................. 19

*United States v. Hernandez-Hernandez*,
   817 F.3d 207 (5th Cir. 2016) ........................................................... 18

*United States v. Juvenile Female*,
   566 F.3d 943 (9th Cir. 2009) ...................................................... 18, 19

*United States v. Kendall*,
   876 F.3d 1264 (10th Cir. 2017) ....................................................... 19

*United States v. Lesane*,
   40 F.4th 191 (4th Cir. 2022) ........................................................... 30

*United States v. Lewis*,
   724 F. App'x 269 (4th Cir. 2018) ............................................ 9, 10, 19

*United States v. Maldonado-Bernave*,
   26 F. App'x 178 (4th Cir. 2001) ....................................................... 28

v

*United States v. Manley,*
   52 F.4th 143 (4th Cir. 2022) ............................................................. 16

*United States v. McDaniel,*
   290 F. App'x 562 (4th Cir. 2008) ......................................................... 6

*United States v. Morrow,*
   5 F.4th 808 (7th Cir. 2021) ............................................................... 28

*United States v. Oaks,*
   No. 19-7602, 2022 WL 16835642 (4th Cir. Nov. 9, 2022) .................. 16

*United States v. Quaglin,*
   851 F. App'x 218 (D.C. Cir. 2021) ..................................................... 19

*United States v. Rafidi,*
   829 F.3d 437 (6th Cir. 2016) ............................................................. 18

*United States v. Randall,*
   171 F.3d 195 (4th Cir. 1999) ............................................................. 23

*United States v. Runyon,*
   994 F.3d 192 (4th Cir. 2021) ............................................................. 20

*United States v. Said,*
   26 F.4th 653 (4th Cir. 2022) ....................................................... 18, 25

*United States v. Smith,*
   331 U.S. 469 (1947) .......................................................................... 30

*United States v. Stoneman,*
   870 F.2d 102 (3d Cir. 1989) .............................................................. 12

*United States v. Taylor,*
   848 F.3d 476 (1st Cir. 2017) ........................................................ 17, 18

*United States v. Thompson,*
   No. 19-7586, 2021 WL 4521111 (4th Cir. Oct. 4, 2021)........................23

*United States v. Vann,*
   660 F.3d 771 (4th Cir. 2011) ................................................................26

*United States v. Wilkins,*
   25 F.4th 596 (8th Cir. 2022)................................................................17

*United States v. Wilson,*
   No 94-7322, 1996 WL 71098 (4th Cir. Feb. 7, 1996) ...........................12

 *United States v. Yates,*
   304 F.3d 818 (8th Cir. 2002) ........................................................20, 21

## Statutes

18 U.S.C. § 111 .................................................................... passim

18 U.S.C. § 113(a)(6) ..............................................................21

18 U.S.C. § 924(c) ................................................................. passim

28 U.S.C. § 1291 ........................................................................1

28 U.S.C. § 1651 ........................................................................1

28 U.S.C. § 2255 ........................................................................6

## Rules

Fed. R. Crim. P. 11 ...................................................................4

# JURISDICTIONAL STATEMENT

Antonio Stowe McDaniel appeals the district court's denial of his petition for a writ of error coram nobis. The district court's subject-matter jurisdiction derived from 28 U.S.C. § 1651, which provides courts with original jurisdiction "to issue all writs necessary or appropriate in aid of their respective jurisdictions." The district court entered its order and judgment denying McDaniel's petition on September 24, 2020. J.A. 23–24. McDaniel filed a timely notice of appeal on October 7, 2020. J.A. 25. This Court's appellate jurisdiction is premised on 28 U.S.C. § 1291.

# ISSUE PRESENTED

McDaniel pleaded guilty to using a firearm during and in relation to a crime of violence after he shot at a United States Marshal. Over two decades later he sought coram nobis relief asserting that his assault of the marshal was not a crime of violence. Did the district court abuse its discretion in determining that McDaniel had not established a fundamental error warranting coram nobis relief?

## STATEMENT OF THE CASE

### A.   McDaniel shoots at a United States Marshal while fleeing a crime.

In June of 1993, Brent Jenkins entered a Burger King restaurant in Charlotte, North Carolina, grabbed a cell phone that a customer had placed on a table, and ran out the door.   J.A. 188–189.   Deputy United States Marshal Clarence Strahan, who was in the restaurant, saw the theft and gave chase.   J.A. 188–189.   Jenkins got into the driver's seat of a white car, in which McDaniel was a passenger, and drove off.   J.A. 188–189.   Strahan ran to his car, turned on its lights and siren, and followed the white car.   J.A. 189.   Although Jenkins was weaving in and out of traffic, Strahan managed to get directly behind the white car and called in its license plate number.   J.A. 189.   As Strahan slowed down to take an exit ramp, McDaniel leaned out of the white car's window and shot at Strahan, who saw glass shatter.   J.A. 189. Strahan lost sight of the car, but officers later located it in a private driveway.   J.A. 189.

Officers found Jenkins hiding under a house and arrested him. J.A.189.   Jenkins stated, "I didn't shoot nobody, I was driving the car."

J.A. 189. Jenkins told officers that McDaniel was his accomplice. J.A. 189. Officers processing the white car found two holes in its rear window, a broken and missing right passenger window, a spent R-P .9mm casing on the front passenger's side floorboard, and six live R-P .45 automatic cartridges in the center console. J.A. 189.

Officers arrested McDaniel, who admitted being at the Burger King with Jenkins. J.A. 190. As Jenkins drove away from the restaurant, McDaniel saw a car follow them. J.A. 190. The car's lights were flashing, and its siren was on. J.A. 190. McDaniel said that he rolled down his window as the car following them got closer, and he fired two shots through the back passenger window at the car with the flashing lights. J.A. 190. After McDaniel and Jenkins abandoned the white car and ran into some woods, McDaniel discarded the gun and managed to escape. J.A. 190.

## B. McDaniel pleads guilty to using a firearm during and in relation to a crime of violence and stipulates that there is a factual basis for his plea.

McDaniel was charged by Bill of Information with using and carrying a firearm during and in relation to a crime of violence, "an

assault on a deputy marshal[] in violation of 18 U.S.C. § 111," in violation of 18 U.S.C. §§ 924(c)(1), 2.  J.A. 6.  McDaniel agreed to plead guilty to "using a firearm during and in relation to a crime of violence" and to waive indictment in exchange for the United States' agreement not to prosecute him for any additional crimes arising from his offense. J.A. 184.  As part of his plea agreement, McDaniel "agree[d] and stipulate[d] that there is a factual basis for his plea of guilty, and relieve[d] the United States of any further obligation to put on evidence."  J.A. 185.  He also agreed that the United States had "the right to present pertinent background information and evidence obtained during the investigation."  J.A. 185.  And he agreed to "provide truthful information" about his offense.  J.A. 184.  The district court conducted a plea colloquy under Federal Rule of Criminal Procedure 11 and accepted McDaniel's guilty plea.  J.A. 3.  The United States attempted to order the transcript from McDaniel's plea proceeding after he filed his section 2255 motion, but the court reporter's notes are no longer available.  J.A. 133.

At McDaniel's sentencing hearing in November 1993, the district court "adopt[ed] the factual findings and guideline application in the presentence report" and departed downwards, sentencing McDaniel to 36 months in prison and three years of supervised release for using a firearm during and in relation to a crime of violence.    J.A. 8–9; J.A. 11; J.A. 66–67.   McDaniel did not appeal.   McDaniel was released from custody, and the district court terminated his supervised release in May 1997 following a revocation hearing.   *See* J.A. 4.

## C.    McDaniel testifies at a trial on new charges that he was convicted of shooting at a United States Marshal.

A dozen years after his section 924(c) conviction, a grand jury indicted McDaniel, charging him with possession with intent to distribute cocaine base; possession of a firearm during and in relation to a drug-trafficking crime; possession of a firearm by a felon; and possession of body armor by a felon.   J.A. 35–36.   The indictment alleged, with respect to the firearm and body armor charges, that McDaniel had previously been convicted of "Assault on a Deputy United States Marshal with a Deadly Weapon."   J.A 36.   McDaniel stipulated at trial that he was convicted in 1993 "of a felony which is a crime of

5

violence."  J.A. 37–39.  And he testified that his conviction was for

"shooting at a U.S. Marshal."  S. A. 4; *see* S.A. 1.[1]  McDaniel pleaded

guilty to possession of body armor by a felon convicted of a crime of

violence, and a jury convicted him of the remaining counts.  *See United*

*States v. McDaniel*, 290 F. App'x 562, 562–63 (4th Cir.), *cert. denied*,

129 S. Ct. 586 (2008).  The district court sentenced him to 451 months

in prison.  J.A. 41.

### D. McDaniel moves to vacate his 1993 firearm conviction, asserting that it was not predicated on a crime of violence.

In June 2016, almost twenty-three years after his conviction,

McDaniel filed a motion to vacate his 1993 conviction under 28 U.S.C.

§ 2255, alleging that the residual clause in 18 U.S.C. § 924(c) is

unconstitutionally vague.  J.A. 72–73.  Counsel was appointed to

represent McDaniel and filed a supplemental motion several days later,

raising an alternative request for a writ of error coram nobis.  J.A. 78–

---

[1] Because the transcript from this trial appears to be unavailable electronically, the United States is filing a supplemental appendix containing pertinent excerpts and a motion for permission to file the same.

89.   McDaniel argued that assault of a federal officer did not require

the requisite use of force.   J.A. 82–83.   The case was stayed, and five

years later McDaniel's counsel filed a supplemental memorandum

asserting that the records from more than a quarter-century ago do not

identify the subsection of 18 U.S.C. § 111 alleged to have constituted

McDaniel's "crime of violence" with sufficient clarity and asserting for

the first time that the mens rea required to commit the offense was

insufficient.   J.A. 103–117.

The United States moved to dismiss McDaniel's motion to vacate

for lack of jurisdiction because McDaniel was no longer in custody for

the offense he was challenging and because he could not meet his

burden to establish the extraordinary circumstances necessary to obtain

coram nobis relief.   J.A. 118–131.   The United States argued that

McDaniel had not used other avenues available to him to raise his

claim; that he had not shown that valid reasons existed for waiting

approximately two decades to challenge his conviction; and that he had

not shown "an error of the most fundamental character" requiring

coram nobis relief to achieve justice.   J.A. 124–131.   The United States

explained that six circuits had held that use of a deadly or dangerous weapon in assaulting a federal officer is a "crime of violence" under section 924(c)'s force clause, J.A. 129–130, and the undisputed facts before the district court during McDaniel's criminal case established that he used a firearm during and in relation to his offense.   J.A. 130.

McDaniel argued that the United States had not "definitively establish[ed]" that his section 924(c) conviction was predicated on assaulting a federal officer with a dangerous weapon.   J.A. 145.   He also asserted that he did not have to show that he was actually innocent of the offense to establish a fundamental error.   J.A. 149.   McDaniel did not dispute, however, "that the information in his case alleged all of the elements of a § 924(c) offense."   J.A. 148.

### E.   The district court finds that McDaniel did not carry his burden to establish that an error of the most fundamental character occurred.

The district court granted the United States' motion to dismiss.[2]

J.A. 173–181.   Assuming *arguendo* that McDaniel could meet the first

---

[2] McDaniel does not challenge the district court's dismissal of his motion to vacate.   Mot. for Formal Briefing, *United States v. McDaniel*, No. 22-7579 (4th Cir. Apr. 12, 2022), ECF No. 24, at 2.

three prongs of the test for coram nobis relief,[3] the court found that he could not meet his burden to demonstrate "that an error of the most fundamental character occurred." J.A. 178. Because McDaniel had "not come forward with any evidence demonstrating that his § 924(c) conviction relied on § 111(a)(1)," the court determined that his reliance on the absence of evidence was "insufficient to carry his coram nobis burden of proof." J.A. 178–179. The court explained that McDaniel's "long-final conviction" carried a "presumption of correctness" and that McDaniel was attempting to shift the burden of proof to the United States. J.A. 178–179 & n.4. Additionally, the court rejected McDaniel's assertion that his conviction should be vacated even if his predicate offense was a violation of section 111(b). J.A. 179. Citing this Court's decision in *United States v. Lewis*, which held that a conviction under section 924(c) that was predicated on section 111(b) was not plainly erroneous on direct appeal, the court explained that the

_____

[3] The first three prongs are: (1) a more usual remedy is unavailable; (2) there are valid reasons for not previously attacking the conviction; and (3) there are adverse consequences from the conviction sufficient to meet Article III's case or controversy requirement. *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012).

alleged error would not entitle McDaniel to coram nobis relief. 724 F. App'x 269, 270 (4th Cir. 2018) (unpublished); J.A. 179. Finally, the court found that the "circumstances of the case" did not warrant an "exercise [of] its discretion to grant [McDaniel] any relief from his conviction in the 1993 case." J.A. 179. Noting that the record showed that McDaniel had pleaded guilty to a section 924(c) offense that "would have been easily proven at trial" and that McDaniel had not previously attempted to challenge his plea, the court determined that McDaniel's allegations did not "call the validity of the guilty plea into question." J.A. 179.

## SUMMARY OF THE ARGUMENT

The district court reasonably found that that it would not serve the interests of justice to vacate McDaniel's long-final conviction for using a firearm during and in relation to a crime of violence because McDaniel did not meet his burden of proof to show that his use of a firearm during a crime of violence was not predicated on a crime of violence. Assault of a federal officer with a dangerous weapon more than meets the mens rea required for a crime of violence because it

requires the intentional use of force.   The district court did not clearly err in finding that McDaniel had not shown that his firearm offense was predicated solely on assault under 18 U.S.C. § 111(a).   And, even if McDaniel could make that showing, the district court did not abuse its discretion in determining that it would not serve the interests of justice to vacate McDaniel's long-final conviction, which was well-supported by the evidence.

## ARGUMENT

**The district court acted well within its discretion when it denied McDaniel's coram nobis petition.**

### A.    Standard of Review

This Court reviews the district court's factual findings for clear error and questions of law de novo.   *Bereano v. United States*,706 F.3d 568, 575 (4th Cir. 2013).   The Court reviews the district court's decision to deny a writ of error coram nobis for abuse of discretion.   *Id.*

### B.    Discussion

Because coram nobis is an attack on a final judgment for which a defendant has finished serving his sentence, it is an extraordinary remedy that is available only in very limited circumstances.   "A writ of

error coram nobis . . . may be issued only where an error of the most fundamental character compels such action to achieve justice, and where no alternative remedy is available." *United States v. Wilson*, No 94-7322, 1996 WL 71098, at *1 (4th Cir. Feb. 7, 1996) (unpublished). A petitioner for coram nobis is not entitled to relief unless he can meet his burden to prove "four essential prerequisites": "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" *Bereano*, 706 F.3d at 576; *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). This is a "very substantial" burden, "described by some jurists as exceeding that of an ordinary habeas petitioner." *Akinsade*, 686 F.3d at 261 (Traxler, C.J. dissenting); *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989) (holding the burden for obtaining relief under coram nobis "is even more stringent than that on a petitioner seeking *habeas corpus* relief under § 2255"). A district court retains

discretion to determine whether to grant the writ. *See Akinsade,* 686

F.3d at 252 (reviewing denial of writ for abuse of discretion); *United*

*States v. George*, 676 F.3d 249, 255 (1st Cir. 2012) ("the court retains

discretion over the ultimate decision to grant or deny the writ").

> 1. *The district court reasonably determined that McDaniel failed to meet his burden of proof to obtain coram nobis relief.*

The district court reasonably determined that McDaniel had not

shown an error "of the most fundamental character" requiring the court

to invalidate his decades-old conviction to achieve justice. First, using

a deadly or dangerous weapon to assault a federal officer is a crime of

violence. Second, McDaniel failed to carry his burden to show that his

conviction for using a firearm during and in relation to a crime of

violence violated due process, because he did not show that his

section 924(c) conviction was predicated solely on assaulting a federal

officer without using a dangerous weapon to do so. Finally, McDaniel

has not shown that the district court abused its discretion in declining

to grant him extraordinary relief under the circumstances of his case—

where he admitted and does not contest that he shot at a federal officer in the course of violating section 924(c).

>    a.    *Assaulting a federal officer with a dangerous weapon is a crime of violence.*

The district court properly held that McDaniel's offense, using and carrying a firearm during or in relation to a crime of violence, is predicated on a crime of violence.   "Crime of violence" is defined as a felony that:

>    (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

>    (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3) (1993).   Subsection A is referred to as the elements or force clause, and subsection B is known as the residual clause.   In *United States v. Davis*, the Supreme Court held that the definition of "crime of violence" in the residual clause in section 924(c)(3)(B) is unconstitutionally vague, though the force clause in section 924(c)(3)(A) remains valid.   139 S. Ct. 2319, 2336 (2019).

At the time of McDaniel's offense, section 111 provided that whoever "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties" commits an offense. 18 U.S.C. § 111(a)(1) (1993). An enhanced penalty applied to anyone who, in committing any of those acts, "uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury." § 111(b). "Congress has . . . specifically prescribed the use of force as an essential element of the crime." *Long v. United States*, 199 F.2d 717, 719 (4th Cir. 1952) (holding the word "forcibly" modifies the entire list of verbs); *United States v. Briley*, 770 F.3d 267, 274–75 (4th Cir. 2014). Thus, a defendant must act "forcibly" against a person on account of, or while that person is engaged in, his official duties to violate section 111.

McDaniel's predicate offense required a mens rea exceeding the minimum necessary to support a crime of violence. "[A]n offense with a *mens rea* of extreme recklessness satisfies the *mens rea* of a 'crime of

violence' [and] accords with the context and purpose of § 924(c)."

*United States v. Manley*, 52 F.4th 143, 151 (4th Cir. 2022); *see United States v. Oaks*, No. 19-7602, 2022 WL 16835642, at *1 (4th Cir. Nov. 9, 2022) (unpublished) (holding an aggravated assault conviction required a mens rea of extreme recklessness).   McDaniel's offense required the intentional use of a dangerous weapon.   "[To] sustain a conviction under § 111(b), the Government must prove the elements in [§ 111(a)][4] and that the defendant: (1) used a deadly or dangerous weapon; (2) in the commission of an act described in § 111(a); and (3) the defendant used the weapon intentionally."   *United States v. Cooper*, 289 F. App'x 627, 628–29 (4th Cir. 2009) (unpublished) (citing *United States v. Feola*, 420 U.S. 671 (1975)).   "[I]ntent to use the weapon is a necessary element, and a defendant who does so purely by accident does not come

---

[4] "To violate 18 U.S.C. § 111(a), 'a defendant must: (1) forcibly; (2) assault, resist, oppose, impede, intimidate, or interfere with; (3) a designated federal officer; (4) while engaged in or on account of the performance of official duties . . . (5) [with] the intent to do the acts specified in the subsection."   *United States v. Ali*, 647 F. App'x 268, 269 (4th Cir. 2016) (unpublished) (quoting *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002)) (holding evidence was sufficient to support finding that defendant acted intentionally, rather than accidentally)).

within the scope of § 111(b)." *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002); *United States v. Wilkins*, 25 F.4th 596, 599 (8th Cir. 2022) (same).

Thus, the added element requiring the defendant to use a dangerous weapon or to inflict bodily injury in committing the assault confirms that the defendant must act intentionally, rather than recklessly. *See Borden v. United States*, 141 S. Ct. 1817, 1821 (2021) (holding offenses requiring only a mens rea of recklessness do not qualify as violent felonies under the force clause of the Armed Career Criminal Act); *cf. Bailey v. United States*, 516 U.S. 137, 143 (1995) (holding the term "uses" a firearm in section 924(c) implies active employment of the weapon). It would make little sense to conclude that "a defendant could be convicted of intentionally and forcibly assaulting, yet <u>accidentally</u> using a dangerous weapon or injuring, a federal employee." *United States v. Taylor*, 848 F.3d 476, 494 & n.7 (1st Cir. 2017) (emphasis in original) (noting "the only authorities we have found indicate that the crime and the enhancements require an intentional act, not merely a reckless or accidental one"); *see United*

*States v. Burns-Johnson*, 864 F.3d 313, 319–20 (4th Cir. 2017) (rejecting defendant's argument that "a defendant might intentionally steal a victim's property through [the] unintentional use, or unintentional threatened use, of a weapon").

Although this Court has not specifically addressed the mens rea requirement following *Borden*, this Court recently assumed in a post-*Borden* decision that a conviction for assaulting a federal officer with a dangerous weapon under section 111(a)(1), (b) was a crime of violence, noting that the defendant had the burden to show error on habeas review and had not briefed this issue. *United States v. Said*, 26 F.4th 653, 656, 659 (4th Cir. 2022). The Court explained that it had previously suggested that section 111(b) "may be a proper predicate offense for a § 924(c) conviction" and that nine other circuits agreed with this conclusion. *Id.* at 659 n.10 (citing *Taylor*, 848 F.3d at 494; *United States v. Gray*, 980 F.3d 264, 266–68 (2d Cir. 2020); *United States v. Bullock*, 970 F.3d 210, 215 (3d Cir. 2020); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 214–17 (5th Cir. 2016); *United States v. Rafidi*, 829 F.3d 437, 446 (6th Cir. 2016); *United States v.*

*Juvenile Female*, 566 F.3d 943, 947–48 (9th Cir. 2009); *United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017); *United States v. Bates*, 960 F.3d 1278, 1287 (11th Cir. 2020); *United States v. Quaglin*, 851 F. App'x 218, 218–19 (D.C. Cir. 2021) (unpublished)). This Court also previously held that a district court did not plainly err in finding that a section 111(b) offense properly served as the predicate for a section 924(c) conviction. *Lewis*, 724 F. App'x at 270 n.*; *see also United States v. Haley*, 993 F.2d 1540, 1993 WL 168935, at *1 (4th Cir. 1993) (unpublished table decision) (affirming section 924(c) conviction predicated on section 111(b) offense).

McDaniel's assertion that a defendant might be convicted of assault on a federal officer with a dangerous weapon if he "drove drunk and recklessly injured" a federal officer with a car is meritless. *See* Appellant's Br. 17. McDaniel fails to cite any cases in which such a charge was brought, much less any case in which a defendant was convicted. And his hypothesis that a defendant who drove drunk and recklessly injured another person could be convicted under section 111(b) fails, because it does not meet the intent requirement in

section 111(b), *see Cooper*, 289 F. App'x at 628–29, and it is exactly the type of far-fetched hypothetical that the Supreme Court has cautioned against using. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (application of the categorical approach "is not an invitation to apply 'legal imagination'"; "there must be 'a realistic probability, not a theoretical possibility'" that the statute would be applied in the manner argued); *Burns-Johnson*, 864 F.3d at 319–20 (rejecting hypothetical argument when there was no "realistic probability" that a court would apply the statute under the circumstances alleged). The relevant focus is the minimum conduct that there is a "'realistic probability' of the government prosecuting." *United States v. Runyon*, 994 F.3d 192, 203 (4th Cir. 2021).

McDaniel's reliance on *United States v. Yates* to attempt to show that assault with a dangerous weapon may include reckless driving offenses is misplaced because *Yates* involves neither a conviction under 18 U.S.C. § 111(b), nor reckless conduct. 304 F.3d 818, 820, 823 (8th Cir. 2002). In *Yates*, the defendant pleaded guilty to violating 18 U.S.C. § 111(a), admitting that he "did voluntarily and intentionally

forcibly assault" two United States marshals. *Id.* at 820. The marshals used their vehicle to block the defendant's truck while attempting to arrest the defendant. *Id.* at 819. Rather than stopping, the defendant accelerated his truck and drove directly at the marshals' vehicle. *Id.* at 823; *see Borden*, 141 S. Ct. at 1826–27 (recognizing that a driver who "drives his car straight at a reviled neighbor, desiring to hit him" or "sees a pedestrian in his path but plows ahead anyway, knowing the car will run him over" has consciously deployed physical force against another person).

All of the cases that McDaniel cites to support his contention that a defendant could violate section 111(b) recklessly rely on assaults "resulting in bodily injury," rather than assaults where the defendant actively employs a dangerous weapon or *inflicts* bodily injury. *See* Appellant's Br. 16–17 (citing offenses under 18 U.S.C. § 113(a)(6) and its predecessor § 113(f)); *cf. United States v. Battle*, 927 F.3d 160, 166 (4th Cir. 2019) (holding "a crime requiring the 'intentional causation' of injury requires the use of physical force"). In short, McDaniel has not

shown that assault on a federal officer with a dangerous weapon requires a mens rea of less than extreme recklessness.

> b. *The district court did not clearly err in finding that McDaniel had not shown that his firearm conviction relied solely on an invalid predicate.*

To establish that his due process rights were violated, McDaniel carries the burden to show that the predicate for his section 924(c) offense was not a crime of violence. Because section 111(b) qualifies as a crime of violence, McDaniel can succeed only if he can show that the predicate for his conviction was solely a violation of section 111(a). *Cf. Pereida v. Wilkinson*, 141 S. Ct. 754, 763 (2021) (where the petitioner is convicted under a divisible statute and carries the burden of proof, he "must prove that his actual, historical offense of conviction" is not a qualifying offense).

The district court did not clearly err in finding that McDaniel failed to carry that burden. The "who, what, when, and where of a conviction . . . pose questions of fact." *Pereida*, 141 S. Ct. at 765; *United States v. Ali*, 991 F.3d 561, 574 (4th Cir.) (explaining that determining the predicate of a crime of violence is a factual question,

and the categorical approach applies only to legal questions), *cert. denied*, 142 S. Ct. 486 (2021). "[L]ike any other fact, the party who bears the burden of proving these facts bears the risks associated with failing to do so." *Pereida*, 141 S. Ct. at 765.

McDaniel has not shown that the only predicate underlying his use of a firearm during and in relation to a crime of violence was his assault of a federal officer under section 111(a), which did not require the use of a dangerous weapon. The United States was not required to specify a particular predicate offense in McDaniel's bill of information. *United States v. Randall*, 171 F.3d 195, 208 (4th Cir. 1999). Nor was the United States required to convict McDaniel separately of the predicate offense. *Id.*; *see United States v. Thompson*, No. 19-7586, 2021 WL 4521111, at *1 (4th Cir. Oct. 4, 2021) (unpublished) (affirming the denial of relief on collateral review where an indictment did not specify the predicate for a defendant's section 924(c) violations). McDaniel waived indictment and pleaded guilty. As part of his plea agreement, McDaniel stipulated that there was "a factual basis for his plea of guilty" and "relieve[d] the United States of any further

obligation to put on evidence." J.A. 185. He agreed that the United States had "the right to present pertinent background information and evidence obtained during the investigation" in support of the factual basis. J.A. 185. Given McDaniel's confession to shooting at the United States marshal, as well as his pleading guilty to using a firearm during that offense, there was ample evidence to establish that the predicate for his firearm offense was assaulting a federal official with a dangerous weapon. *See* J.A. 6; J.A. 184–185; J.A. 190. As the district court found, his offense would easily have been proven at trial. J.A. 179. McDaniel has never challenged the fact that his offense involved shooting at a United States Marshal. And McDaniel offered sworn testimony at his 2005 trial that his conviction was for shooting at a United States Marshal, S.A. 1; S.A. 4.

Even if McDaniel could show that it is unclear whether his firearm conviction was predicated on his assault of a federal officer under section 111(a) or his use of a dangerous weapon in committing that assault under section 111(b), he could not show that his conviction violated his right to due process. Ambiguity as to whether a jury relied

on a valid or invalid predicate is insufficient to carry a defendant's burden of proof. *Said*, 26 F.4th at 661–62; *Ali*, 991 F.3d at 575 (holding that uncertainty as to which section 924(c) predicate a jury relied on "does not meet the defendant's burden of establishing actual prejudice" on plain-error review); *cf. United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021) (holding a section 924(c) conviction remains valid if a defendant pleaded guilty to it based on both a valid and an invalid predicate), *cert. denied*, 142 S. Ct. 819 (2022). "Mere uncertainty as to which predicate or predicates the jury relied on when it found the defendant guilty of the § 924(c) counts does not suffice to demonstrate plain error, let alone the sort of substantial and injurious error required for habeas relief." *Said*, 26 F.4th at 662 (cleaned up).

McDaniel's assertion that he need not present any evidence to establish that his conviction was predicated on violating section 111(a) and that the Court should presume this is incorrect. *See* Appellant's Br. 18–19. The presumption is that his conviction is valid; he carries the burden to establish that his conviction violated due process. To do

that here, he must establish as a matter of fact that his conviction was not predicated on a crime of violence.

This Court should reject McDaniel's speculation that he pleaded guilty only to assault under section 111(a) because of subsequent unpublished authority suggesting that a section 111(a) offense could support a section 924(c) conviction. *See* Appellant's Br. 19–20. First, even if true, as described above, the mere *possibility* that McDaniel could have pleaded guilty based on a section 111(a) predicate offense is not sufficient to support coram nobis relief. Second, this Court's decision in *United States v. Vann*, on which McDaniel relies, does not support his argument that he is entitled to relief as long as the "least serious conduct" to support his conviction is not a crime of violence. 660 F.3d 771, 774 (4th Cir. 2011) (en banc). *Vann* was a direct appeal by a defendant who was sentenced as an armed career criminal based on three prior state convictions. *Id.* at 772–73. This Court held that the government could not meet its burden to prove that the defendant had been convicted under a particular subsection of the state statute because the state charging documents alleged violations of

both statutory subsections in the conjunctive. *Id.* at 774. Unlike in *Vann*, McDaniel's bill of information does not allege the subsections of the statute conjunctively; the information relevant to the charges was before the district court, rather than in a separate state proceeding; and McDaniel, not the United States, carries the burden of proof. McDaniel has not carried his burden to show that the predicate for his firearm offense was not a crime of violence.

> c. *The district court reasonably exercised its discretion in deciding that any error did not require vacating McDaniel's conviction to achieve justice.*

Even if McDaniel could show error, such error would not be of the most fundamental character under the facts of this case, and the district court did not abuse its discretion in denying relief. McDaniel bears the burden to establish that he is entitled to coram nobis relief in light of "the record as a whole." *See Akinsade*, 686 F.3d at 252; *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993) (holding on collateral review courts should consider "the record as a whole" when determining whether an error had a substantial and injurious effect on the verdict); *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (court should consider

"'all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under the rules of admissibility that would govern at trial'" in determining whether there is a fundamental miscarriage of justice); *United States v. Maldonado-Bernave*, 26 F. App'x 178, 179 (4th Cir. 2001) (unpublished) (holding a court may consider not only the evidence before it at the time of a plea, but also any evidence in the record in determining whether an error is harmless). Vacating McDaniel's long-final guilty-plea conviction where the record as a whole, including his own admissions, establishes that he fired a firearm at a federal officer in the course of violating 18 U.S.C. § 924(c) would not achieve justice. *See United States v. Morrow*, 5 F.4th 808, 814–15 (7th Cir. 2021) (holding defendant failed to establish plain error on direct appeal when he argued that the predicate for his section 924(c) charge was conspiracy to commit Hobbs Act robbery but he had repeatedly admitted to committing the robbery); *Stone v. United States*, 37 F.4th 825, 830–31 (2d Cir.) (rejecting categorical approach and reviewing the record as whole on post-conviction review to determine whether challenged jury instruction violated defendant's

constitutional rights), *cert. denied*, 143 S. Ct. 396 (2022). This is particularly true where McDaniel pleaded guilty in exchange for the United States' agreement not to pursue other charges, which likely would have included his assault of a federal officer with a dangerous weapon, and his agreement that there was a sufficient factual basis and that the United States could support the factual basis with information obtained during its investigation.

Additionally, McDaniel's concession that there is no binding authority regarding whether assault of a federal officer with a dangerous weapon is a crime of violence post-*Borden* undercuts his contention that the Court should vacate his conviction. Appellant's Br. 26 (requesting oral argument). The lack of binding authority would not entitle McDaniel to relief on plain-error review, and the standard for coram nobis relief is more exacting. *See United States v. Davis*, 855 F.3d 587, 595–96 (4th Cir. 2017) (recognizing an error is not plain unless "the settled law" of the Supreme Court or Fourth Circuit "establishes that an error has occurred"); *Bereano*, 706 F.3d at 577 ("[A]n appellant who would not be entitled to relief on direct appeal

could never be entitled to the extraordinary writ of coram nobis.").

Unlike the petitioner in *United States v. Lesane*, 40 F.4th 191, 200 (4th Cir. 2022), McDaniel's "actual innocence" is not "clear and undisputed."

As the Supreme Court has explained, "'it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate.'" *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)). The district court reasonably found that McDaniel did not make such a showing.[5]

## CONCLUSION

The district court reasonably exercised its discretion in finding that justice did not require it to vacate McDaniel's long-final conviction for using a firearm during and in relation to a crime of violence. The

---

[5] If the Court concludes that the district court abused its discretion in determining that McDaniel did not meet his burden to establish an error of the most fundamental character and that he was not entitled to relief, the Court should remand the case to the district court to determine in the first instance whether he can meet the first two prongs of the test for coram nobis relief. The United States does not contest the third prong.

United States respectfully requests that this Court affirm the district court's judgment.

## REQUEST FOR DECISION ON THE BRIEFS
## WITHOUT ORAL ARGUMENT

The United States does not believe that oral argument will assist the Court in any material way and requests that this appeal be decided on the briefs.

Respectfully submitted, this 22nd day of February, 2023.

DENA J. KING
UNITED STATES ATTORNEY
s/ Elizabeth M. Greenough
Elizabeth M. Greenough
NY Bar Number 2667905
Assistant United States Attorney
227 West Trade Street
Carillon Building, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Fax: (704) 344-6229
E-mail: Elizabeth.Greenough@usdoj.gov

# CERTIFICATE OF COMPLIANCE

1.     This brief has been prepared using Microsoft Word 2010, Century Schoolbook, 14 point typeface.

2.     EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations, and the certificate of service, the brief contains   5999   words.

       I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.   If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

s/ Elizabeth M. Greenough
Assistant United States Attorney
USAO Charlotte, NC

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served a copy of the above upon Defendant herein by serving his attorney of record, Ann Hester, through electronic case filing.

This 22nd day of February, 2023.

s/ Elizabeth M. Greenough
Assistant United States Attorney
USAO Charlotte, NC